IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **HELEN SULYK,** | Civil Action No. |
| v. | |
| **AMAZON.COM** | |
| AND | |
| **AMAZON.COM LLC, INC.** | |
| AND | |
| **AMAZON CORPORATE LLC** | |
| AND | |
| **JOHN DOES 1-3** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, defendant Amazon.com Services LLC, as successor to Amazon Corporate LLC ("Amazon.com Services LLC"), by and through its undersigned counsel, hereby removes to the United States District Court for the Eastern District of Pennsylvania the case captioned <u>Helen Sulyk v. Amazon.com, et al.</u>, now pending in the Philadelphia Court of Common Pleas, June Term 2022, Docket No. 1754, and as grounds for removal states as follows:

**I.      NATURE OF ACTION**

1.      This action arises out of an alleged trip and fall accident that occurred on September 21, 2020, at plaintiff's residence located at 701 Swarthmorewood Lane, Swarthmore, Pennsylvania. <u>See</u> Complaint, attached hereto as **Exhibit A**.

2. Plaintiff is a resident of Pennsylvania, with an address of 701 Swarthmorewood Lane, Swarthmore, Pennsylvania 19081. Id.

## II. PROCEDURAL HISTORY

3. On June 17, 2022, plaintiff Helen Sulyk ("plaintiff") filed suit on behalf of herself, naming Amazon Corporate LLC as defendant. See **Exh. A**.

4. Defendant Amazon.com, Inc, improperly named as "Amazon.com,"[1] was served with a copy of the Complaint via certified and regular mail on June 30, 2022. See Affidavit of Service, attached hereto as **Exhibit B**.

5. Plaintiff attempted service on defendant Amazon.com Services LLC, on July 10, 2022, which was unsuccessful. See Affidavit of Attempted Service, attached hereto as **Exhibit C**.

6. Plaintiff filed a Praecipe to Reinstate Complaint for an additional thirty days on August 3, 2022. See Praecipe to Reinstate Complaint, attached hereto as **Exhibit D**.

7. To date, there is no record that the Reinstated Complaint has been served on defendant Amazon.com Services LLC. See Court of Common Pleas Docket dated August 25, 2022, attached hereto as **Exhibit E**.

## III. LEGAL ARGUMENT

### A. THE ADVERSE PARTIES ARE COMPLETELY DIVERSE AND CONSENT TO REMOVAL

8. Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the complete diversity of citizenship between the parties.

---

[1] Defendant Amazon.com is improperly named. While unclear, it is believed plaintiff intended to name Amazon.com, Inc., which is the correct corporate entity. The undersigned counsel represents defendant Amazon.com, Inc. in the underlying action and consents to the within Removal.

Plaintiff also identifies defendant Amazon.com LLC, Inc. in the Complaint. Amazon.com LLC, Inc. does not exist and is not a proper entity.

9. Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d. Cir. 2006).

10. A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

11. Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, i.e. that "place where a corporation's officers direct, control and coordinate the corporation's activities." Hertz Corp. v. Friend, 599 U.S. 77, 92-93 (2010).

12. For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Katz v. Grayling Corp., No. CIV.A. 07-4891, 2007 WL 4530997, at *1 (E.D.Pa. Dec. 20, 2007).

13. The requirement that all defendants agree to the removal is known as the "unanimity rule." Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

14. Unanimity may be expressed by defendants either jointly filing the notice of removal or consenting to the removal by separate filing. Moore v. City of Phila., No. Civ.A. 12-3823, 2012 WL 3731818, at *3 (E.D.Pa. Aug. 29, 2012); Weinrach v. White Metal Rolling and Stamping Corp., No. Civ.A. 98-3293, 1999 WL 46627, at *1 (E.D.Pa. Jan. 6, 1999).

15. As discussed below, all proper defendants consent to the removal of this case to this Court.

16. As stated above, as well as in the Complaint, plaintiff is a resident of Pennsylvania, with an address of 701 Swarthmorewood Lane, Swarthmore, Pennsylvania 19081. See **Exh. A**.

1. **Citizenship of defendant Amazon.com Services LLC, as successor to Amazon Corporate LLC**

17. Amazon.com Services LLC is the successor to Amazon Corporate LLC, which is no longer an active business entity.

18. Amazon.com Services LLC, is a limited liability company organized and existing under the laws of the State of Delaware and headquartered in Seattle, Washington.

19. Amazon.com Services LLC's sole member, Amazon.com Sales, Inc., is a Delaware corporation with its principal place of business in Seattle, Washington.

20. Thus, Amazon.com Services LLC, is a citizen of the states of Delaware and Washington.

**2.      Citizenship of defendant Amazon.com, Inc.**

21. Defendant Amazon.com is not a proper entity and does not exist.

22. It is believed the entity which was intended to be named and served by plaintiff was Amazon.com, Inc.

23. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. See Amazon.com Consent to Removal attached hereto as **Exhibit F**.

24. Defendant Amazon.com, Inc. is completely diverse from plaintiff and consents to the removal of this case to this Court. Id.

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

25. Under 28 U.S.C. § 1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

26. The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977).

27.    In the Complaint, plaintiff alleges that she sustained injuries "which are or may be serious and permanent in nature, including, but not limited to: distal radius fracture of the right wrist requiring surgical repair resulting in skin discoloration and permanent scarring, right wrist abrasion, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering." See **Exh. A** at ¶ 27.

28.    Plaintiff claims she "has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future." Id. at ¶ 28.

29.    Plaintiff also claims she has suffered "medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident." Id. at ¶ 30.

30.    Plaintiff filed her Complaint in the Philadelphia County Major Jury Program, which requires an amount in controversy of at least $50,000. Id.

31.    Upon information and belief, plaintiff has had wrist surgery and other medical treatment, which exceed $75,000 in total expenditures.

32.    While plaintiff's allegations are disputed, the extent, if any, of the damages and the amount in controversy is in excess of $75,000.

**IV.    CONCLUSION**

With both the existence of diversity of citizenship between the adverse parties and the amount in controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, defendant Amazon.com Services LLC, as successor to Amazon Corporate LLC, respectfully requests that the action described herein now pending in the Philadelphia Court of Common Pleas be removed to this Court.

                                                    Respectfully submitted,

                                                    */s/ Devon S. Davis*
                                                    Devon S. Davis, Esq.
                                                    LANDMAN CORSI BALLAINE & FORD P.C.
                                                    Attorneys for Defendant Amazon.com Services LLC
                                                    as successor to Amazon Corporate LLC

Dated:  August 25, 2022