Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2022**

E-Filing Number: 2206037015

**001754**

| | |
|---|---|
| PLAINTIFF'S NAME<br>HELEN SULYK | DEFENDANT'S NAME<br>AMAZON.COM, ALIAS: C/O CORPORATION SERVICE COMPANY |
| PLAINTIFF'S ADDRESS<br>701 SWARTHMOREWOOD LANE<br>SWARTHMORE  PA 19081 | DEFENDANT'S ADDRESS<br>251 LITTLE FALLS DRIVE<br>WILMINGTON PA 19808-1674 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>AMAZON.COM LLC, INC., ALIAS: C/O CORPORATION SERVICE COMPANY |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>251 LITTLE FALLS DR<br>WILMINGTON PA 19808-1674 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>AMAZON CORPORATE LLC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1200 12TH AVENUE SOUTH  SUITE 1200<br>SEATTLE  WA 98144 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>JUN **17** 2022<br><br>**S. RICE** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>HELEN SULYK</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>KEITH W. KOFSKY | ADDRESS<br>1617 J.F.K. BLVD.,#355<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER<br>(215)563-6333 | FAX NUMBER<br>(215)563-3580 | |
| SUPREME COURT IDENTIFICATION NO.<br>65725 | E-MAIL ADDRESS<br>Kkofskylaw@gmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>KEITH KOFSKY | DATE SUBMITTED<br>Friday, June 17, 2022, 03:39 pm |

**COMPLETE LIST OF DEFENDANTS:**

1. AMAZON.COM
     ALIAS: C/O CORPORATION SERVICE COMPANY
     251 LITTLE FALLS DRIVE
     WILMINGTON PA 19808-1674
2. AMAZON.COM LLC, INC.
     ALIAS: C/O CORPORATION SERVICE COMPANY
     251 LITTLE FALLS DR
     WILMINGTON PA 19808-1674
3. AMAZON CORPORATE LLC.
     1200 12TH AVENUE SOUTH  SUITE 1200
     SEATTLE  WA 98144
4. JOHN DOES 1-3
     UNKNOWN
     UNKNOWN  PA 00000

THIS IS A MAJOR JURY MATTER
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

*Filed and Attested by the Office of Judicial Records 17 JUN 2022 03:39 pm ...*

**CLEARFIELD & KOFSKY**
By: Keith W. Kofsky, Esquire
Identification No. 65725
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 355
Philadelphia, PA 19103
(215) 563-6333

Attorney for Plaintiff

---

| | |
|---|---|
| HELEN SULYK | : COURT OF COMMON PLEAS |
| 701 Swarthmorewood Lane | : PHILADELPHIA COUNTY |
| Swarthmore, PA 19081 | : |
| v. | : JUNE TERM, 2022 |
| AMAZON.COM c/o CORPORATION | : |
| SERVICE COMPANY | : |
| 251 Little Falls Drive | : |
| Wilmington, DE 19808 | : NO. |
| and | : |
| AMAZON.COM LLC INC. c/o CORPORATION: | |
| SERVICE COMPANY | : |
| 251 Little Falls Drive | : |
| Wilmington, DE 19808 | : |
| and | : |
| AMAZON CORPORATE LLC. | : |
| 1200 12th Avenue South-Suite 1200 | : |
| Seattle, WA 98144 | : |
| And | : |
| JOHN DOES 1-3 | : |

## COMPLAINT IN CIVIL ACTION
### (Code #2O Other Personal Injury)

NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna. 19107
(215) 238-1701

Case ID: 220601754

## GENERAL AVERMENTS

1.      Plaintiff, Helen Sulyk, is an adult individual, who resides at the above-captioned address.

2.      Defendant, Amazon.com, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

3.      Defendant, Amazon.com LLC. is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

4.      Defendant, Amazon Corporate LLC. is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

6.      Defendant, John Doe 1, a fictitious designation, is currently an unknown party.

7.      Upon information and belief, Defendant, John Doe 1, is that of a delivery contractor/company

8.      Upon information and belief, Defendant, John Doe 1, potentially had responsibility for delivering items for defendants.

-2-

9.      The identity of Defendant, John Doe 1, is unknown after a reasonable search with due diligence.

10.     Defendant, John Doe 2, a fictitious designation, is currently an unknown party.

11.     Upon information and belief, Defendant, John Doe 2, is that of a delivery sub-contractor/company

12.     Upon information and belief, Defendant, John Doe 2, potentially had responsibility for delivering items for defendants.

13.     The identity of Defendant, John Doe 2, is unknown after a reasonable search with due diligence.

14.     Defendant, John Doe 3, a fictitious designation, is currently an unknown party.

15.     Upon information and belief, Defendant, John Doe 3, is that of a delivery sub-contractor employee

16.     Upon information and belief, Defendant, John Doe 3, potentially had responsibility for delivering items for defendants.

17.     The identity of Defendant, John Doe 3, is unknown after a reasonable search with due diligence.

18.     At all times material hereto, Defendants regularly conducted business in Philadelphia County.

19.     At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

Case ID: 220601754

20.     At all times material hereto, Defendants were responsible for hiring, training and couriers and/or delivery persons.

21.     On or about September 21, 2020, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a package to be left near the entry/exit door causing a tripping hazard.

22.     Defendants were responsible for the proper and safe delivery of products and/or merchandise.

23.     On or about September 21, 2020, Plaintiff, Helen Sulyk, did suffer injury by reason of merchandise and/or boxes to remain on the entry/exit doors located at 701 Swartmorewood Lane, Swarthmore, Pennsylvania, this defective condition caused Plaintiff to fall causing Plaintiff the injuries that form the basis for this action.

24.     The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## PLAINTIFF HELEN SULYK  v. DEFENDANTS, AMAZON.COM, AMAZON.COM LLC & AMAZON CORPORATION, ONLY
## THIRD PARTY LIABILITY

25.     Plaintiff, Helen Sulyk, incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

26.     The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

> (a)     allowing and/or causing a dangerous and defective condition to exist of the merchandise and/or packaging of merchandise at the aforesaid

-4-

location, of which Defendants knew or should have known by the exercise

of reasonable care;

(b)    said dangerous condition created a reasonably foreseeable risk of the kind

of injuries which Plaintiff sustained;

(c)    failing to place merchandise and/or boxes a reasonable distance from the

entry/exit doors of a residence;

(d)    allowing merchandise and/or boxes to block the entry/exit doors;

(e)    failing to train employees in proper handling and/or placement of

deliveries;

(f)    Failing to notify the recipient that a package was at the door;

(g)    Failing to design, implement and enforce appropriate protocols, policies

and procedures for safe package delivery;

(h)    Failing to properly train and supervise their independent contractors;

(i)    negligence per se; and

(j)    in being otherwise careless and negligent, the particulars of which are

presently unknown to plaintiff, but which may be learned by discovery

procedures provided by the Pennsylvania Rules of Civil Procedure, or

which may be learned at the trial of this case.

27.    As a result of this accident, Plaintiff, Helen Sulyk, has suffered injuries which are

or may be serious and permanent in nature, including, but not limited to: distal radius fracture of

the right wrist requiring surgical repair resulting in skin discoloration and permanent scarring,

right wrist abrasion, musculoskeletal injuries, as well as other injuries as may be diagnosed by

Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

28.     As a further result of this accident, Plaintiff, Helen Sulyk, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

29.     As a further result of this accident, plaintiff, Helen Sulyk, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

30.     As a further result of this accident, Plaintiff, Helen Sulyk, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

31.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Helen Sulyk, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

32.     As a further result of the accident aforementioned, Plaintiff, Helen Sulyk, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Helen Sulyk, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

-6-

Case ID: 220601754

**COUNT II**
**PLAINTIFF HELEN SULYK  v. DEFENDANT, JOHN DOE (delivery contracting**
**company) ONLY**
**THIRD PARTY LIABILITY**

33.     Plaintiff, Helen Sulyk, incorporates by reference hereto, all of the allegations contained in the General Averments and Count I, as if they were set forth at length herein.

34.     The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)     allowing and/or causing a dangerous and defective condition to exist of the merchandise and/or packaging of merchandise at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)     failing to place merchandise and/or boxes a reasonable distance from the entry/exit doors of a residence;

(d)     allowing merchandise and/or boxes to block the entry/exit doors;

(e)     failing to properly handle and/or placement of deliveries;

(f)      Failing to notify the recipient that a package was at the door;

(g)     Failing to design, implement and enforce appropriate protocols, policies and procedures for safe package delivery;

(h)      Failing to properly train and supervise their independent contractors;

(i)     negligence per se; and

Case ID: 220601754

      (j)      in being otherwise careless and negligent, the particulars of which are presently unknown to plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

35.    As a result of this accident, Plaintiff, Helen Sulyk, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to: distal radius fracture of the right wrist requiring surgical repair resulting in skin discoloration and permanent scarring, right wrist abrasion, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

36.    As a further result of this accident, Plaintiff, Helen Sulyk, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

37.    As a further result of this accident, plaintiff, Helen Sulyk, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

38.    As a further result of this accident, Plaintiff, Helen Sulyk, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

39.    As a direct and reasonable result of the accident aforementioned, Plaintiff, Helen Sulyk, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

Case ID: 220601754

40.    As a further result of the accident aforementioned, Plaintiff, Helen Sulyk, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Helen Sulyk, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

<u>**COUNT III**</u>
**<u>PLAINTIFF HELEN SULYK  v. DEFENDANT, JOHN DOE (delivery sub-contracting company) ONLY</u>**
**<u>THIRD PARTY LIABILITY</u>**

41.    Plaintiff, Helen Sulyk, incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I and II, as if they were set forth at length herein.

42.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

      (a)    allowing and/or causing a dangerous and defective condition to exist of the merchandise and/or packaging of merchandise at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

      (b)    said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

      (c)    failing to place merchandise and/or boxes a reasonable distance from the entry/exit doors of a residence;

      (d)    allowing merchandise and/or boxes to block the entry/exit doors;

Case ID: 220601754

(e) failing to properly handle and/or placement of deliveries;

(f) Failing to notify the recipient that a package was at the door;

(g) Failing to design, implement and enforce appropriate protocols, policies and procedures for safe package delivery;

(h) Failing to properly train and supervise their independent contractors;

(i) negligence per se; and

(j) in being otherwise careless and negligent, the particulars of which are presently unknown to plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure, or which may be learned at the trial of this case.

43. As a result of this accident, Plaintiff, Helen Sulyk, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to: distal radius fracture of the right wrist requiring surgical repair resulting in skin discoloration and permanent scarring, right wrist abrasion, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

44. As a further result of this accident, Plaintiff, Helen Sulyk, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

45. As a further result of this accident, plaintiff, Helen Sulyk, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

Case ID: 220601754

46.    As a further result of this accident, Plaintiff, Helen Sulyk, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

47.    As a direct and reasonable result of the accident aforementioned, Plaintiff, Helen Sulyk, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

48.    As a further result of the accident aforementioned, Plaintiff, Helen Sulyk, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Helen Sulyk, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**COUNT IV**
**PLAINTIFF HELEN SULYK  v. DEFENDANT, JOHN DOE (delivery sub-contracting employee) ONLY**
**THIRD PARTY LIABILITY**

49.    Plaintiff, Helen Sulyk, incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I through III, as if they were set forth at length herein.

50.    The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

        (a)    allowing and/or causing a dangerous and defective condition to exist of the merchandise and/or packaging of merchandise at the aforesaid

-11-

Case ID: 220601754

location, of which Defendants knew or should have known by the exercise
of reasonable care;

(b)    said dangerous condition created a reasonably foreseeable risk of the kind
of injuries which Plaintiff sustained;

(c)    failing to place merchandise and/or boxes a reasonable distance from the
entry/exit doors of a residence;

(d)    allowing merchandise and/or boxes to block the entry/exit doors;

(e)    failing to properly handle and/or placement of deliveries;

(f)    Failing to notify the recipient that a package was at the door;

(g)    Failing to design, implement and enforce appropriate protocols, policies
and procedures for safe package delivery;

(h)    negligence per se; and

(i)    in being otherwise careless and negligent, the particulars of which are
presently unknown to plaintiff, but which may be learned by discovery
procedures provided by the Pennsylvania Rules of Civil Procedure, or
which may be learned at the trial of this case.

51.    As a result of this accident, Plaintiff, Helen Sulyk, has suffered injuries which are
or may be serious and permanent in nature, including, but not limited to: distal radius fracture of
the right wrist requiring surgical repair resulting in skin discoloration and permanent scarring,
right wrist abrasion, musculoskeletal injuries, as well as other injuries as may be diagnosed by
Plaintiff's health care providers, all of which injuries have in the past, and may in the future,
cause Plaintiff great pain and suffering.

Case ID: 220601754

52.      As a further result of this accident, Plaintiff, Helen Sulyk, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

53.      As a further result of this accident, plaintiff, Helen Sulyk, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

54.      As a further result of this accident, Plaintiff, Helen Sulyk, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

55.      As a direct and reasonable result of the accident aforementioned, Plaintiff, Helen Sulyk, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

56.      As a further result of the accident aforementioned, Plaintiff, Helen Sulyk, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Helen Sulyk, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**CLEARFIELD & KOFSKY**

*/s/ Keith W. Kofsky*

BY:  _____
     **KEITH W. KOFSKY, ESQUIRE**
     **Attorney for Plaintiff, Helen Sulyk**

-13-

Case ID: 220601754

## VERIFICATION

I, _____Helen Sulyk_____ hereby verify that I am the

___Plaintiff_____ in the attached ____Complaint_____, and

that the facts set forth herein are true and correct to the best of my knowledge,

information and belief.  I understand that false statements made herein are subject

to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to

authorities.

NAME ____Helen Sulyk_____

ADDRESS _____

DATE _____

Case ID: 220601754